UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

McPherson

versus

Advantage Surveillance Inc et al

Civil Action No. 17-cv-00481

Judge Rebecca F. Doherty

Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Currently pending on referral from the District Judge is plaintiff, Kimberlin Frank McPherson's, Motion To Remand [Rec. Doc. 8] and an Opposition to Plaintiff's Motion to Remand filed by defendants, Clydette Lula Anderson, Advantage Surveillance Inc. ("ASI") and Twin City Fire Insurance Company ("TCF"). [Rec. Doc. 10]. For the reasons set forth below, the undersigned recommends that the Motion to Remand be denied.

### I. Facts and Procedural History

This matter arises out of a two vehicle motor accident in which plaintiff's car was struck by a vehicle operated by Anderson, owned by ASI and/or Southeastern Utility Service ("SUS") and insured by TCF (collectively referred to as "Defendants") in St. Mary Parish, Louisiana on August 26, 2015. *Rec. 1-3.*

On August 26, 2016, plaintiff filed a personal injury action against defendants[1]

---

[1] Hartford Insurance Company was originally named as a defendant but has been terminated. Twin City Insurance Company answered and is now a defendant in the suit.

seeking to recover damages in the Fourteenth Judicial District Court, St. Mary Parish, Louisiana. *Id.* Defendants removed this action on March 31, 2017, contending that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand contending that this Court lacks diversity jurisdiction because ASI is actually a Louisiana Company despite its corporate filings, that the defendants failed to file their removal within the time required by 28 U.S.C. § 1446, and that defendants waived their objections to jurisdiction and venue by failing to file a declinatory exception in state court prior to filing their answer.

## II. Contentions of the Parties and Analysis

A. Diversity of Citizenship

The parties agree that plaintiff is a resident of Louisiana, Anderson is a resident of Mississippi, SUS, Inc. is a foreign corporation domiciled in North Carolina and TCF is a foreign insurer domiciled in Connecticut. The parties disagree over the citizenship of ASI. Defendants claim that ASI is a foreign corporation domiciled in North Carolina. In support of this assertion, Defendants provide: (1) Articles of Incorporation stating that ASI is a North Carolina corporation with its principal place of business in North Carolina *Rec. 10 - 1;* (2) the Annual Reports of ASI from 2015 and 2016 stating that it is a North Carolina corporation with its principal place of business in Thomasville, North Carolina *Rec. 10 - 2, 3*; and

(3) documents filed with the Louisiana Secretary of State's Office stating that it is a North Carolina corporation with its domicile address and principal business office in Thomasville, North Carolina. *Rec. 10 - 4*. Defendants also submit an affidavit by Scott Workman, the Vice President of Corporate Development for ASI, stating that ASI is a North Carolina corporation with its principal place of business in Thomasville, North Carolina and a satellite office in Mandeville, Louisiana, and that its corporate headquarters are in Thomasville, North Carolina. *Rec.10 - 5*.

Plaintiff acknowledges that "courts have generally held that the forum state of incorporation and/or the principal place of business determines jurisdiction, and that a corporation that registers in the state of Louisiana does not in and of itself establish citizenship in Louisiana," but submits that "this case presents a novel argument as it is plaintiff's position that [ASI] is a foreign corporation that operates as the parent company of [ASI] in Mandeville and that company is a subsidiary that is essentially its own business entity." *Rec. 8-1, p. 2*. In support of its contention that ASI is a Louisiana business, plaintiff submits information from two websites promoting ASI. Plaintiff states, "[t]he *Find the Company* report attached hereto and containing information collected from Dunn and Bradstreet defines Advantage Surveillance on page one of the report as a company located in Mandeville, Louisiana, which is a small security company that opened in 2007 with 2 employees. Page five of the

3

report states that the company is ten years old and operating in Mandeville for that entire time and it also provides its local phone number. The Ehardhat report also attached highlights Advantage Surveillance in Mandeville and states Advantage 'execute(s) community home security support six days a week.'" *Id.*

Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction, in this case defendants, have the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged. *Mullins v. Testamerica, Inc.*, 300 Fed. App'x 259, (5th Cir. 2008). Defendants have presented evidence which distinctly and affirmatively alleges that ASI is a citizen of North Carolina. The reports that plaintiff gathered from web pages on the internet fail to support her contention that ASI is a foreign corporation operating as the parent company of ASI in Mandeville and that ASI in Mandeville is a subsidiary that is essentially its own business entity. Therefore, the undersigned finds that the parties are diverse in citizenship and this

Court has jurisdiction pursuant to 28 U.S.C. § 1332.

B.  Thirty Day Requirement of 28 U.S.C. § 1446

Plaintiff contends that Defendants' Notice of Removal was untimely because it was filed four months after defendants' receipt of the initial pleading.  Plaintiff further alleges that the "parties have engaged in negotiations wherein the parties have been put on notice through  medical records and the amount demanded that the amount in controversy would exceed $75,000."[2] Rec. 8-1, p. 5.  Defendants contend that the initial pleading was silent as to the amount in controversy and, thus, not removable without more particular information. Defendants further state that on November 4, 2016, they propounded a Request for Admission stating: "Please admit or deny that the matter in controversy exceeds the sum or value of $75.000." *Rec. 10 - 6*. Plaintiff responded  on March 2, 2017 as follows:

> In response to the admission our reply is that the amount in dispute exceeds $75,000. If you need any additional information regarding this claim please don't hesitate to contact me. My client has some additional medical records and expenses that I will be forwarded next week.

*Rec. 10 - 7.*

Defendants further allege that they propounded general discovery requests concerning damages to plaintiff on November 4, 2016, and only received mental

---

[2]   In support of this contention, plaintiff's cite Exhibits C & D. *Rec. 8-1, p. 5*. The Court is unable to locate an Exhibit C or D attached to the Memorandum in Support of the Motion to Remand,  nor do the attached exhibits, Rec. 8-2 and Rec. 8-3 pertain to "medical records and the amount demanded.."

health records which were insufficient to put Defendants on notice that the amount in controversy was in excess of $75,000. *Rec. 10, p. 5, Exh. 8 and 10.* Thus, defendants contend the Notice of Removal filed on March 31, 2017 - twenty-nine days following the response to the Request for Admission, but less than a year from the commencement of the action - was timely. *Rec. 10, p. 5 and Exh. 11.*

Title 28 U.S.C. § 1446(b) details the documents which trigger the time limits for notices of removal and provides in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ....
>
> . . .
>
> (3) ... if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

The Court finds that the petition failed to affirmatively reveal on its face that plaintiff was seeking damages in excess of the minimum jurisdictional amount of the federal court. Thus, as §1446(b)(1) does not apply, the Court must look to Section 1446(b)(3), which provides for the removal of actions that were not removable based on the initial pleading but later become removable.

Section 1446(b)(3) states that the defendant may remove the case within thirty

days from the time the defendant receives "*service or otherwise,* of a copy of an amended pleading, motion, order*, or other paper* from which it may be ascertained that the case is one which is or has becomes removable…" §1446(b)(3). Thus, a case that is not initially removable can become so by a voluntary act of the plaintiff through an amended pleading, motion, or other paper that gives the defendant notice of the changed circumstances which support federal jurisdiction. *Gonzales South Texas Elec. Corp. v. Jeffrey C. Stone, Inc*., 2014 WL 7072437, 2 (S.D.Tex.,2014) (citing *Weems v. Louis Dreyfus Corp*., 380 F.2d 545, 547 (5th Cir.1967); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000)). "The 'other paper' under §1446(b)(3) may be discovery responses, pleadings, deposition transcripts, and attorney communications." *Id.* (citing *Still v. Georgia-Pacific Corp.,* 965 F.Supp. 878, 881 (S.D. Miss.1997). Additionally, the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the 28 U.S.C. § 1446(b)(3). *Bosky v. Kroger Texas, LP,* 288 F.3d 208 (5th Cir. 2002). This threshold promotes judicial economy and should reduce "protective" removals by defendants faced with an equivocal record. *Id.*

The Court finds that plaintiff's response to the Request for Admission on March 2, 2017 constitutes an "other paper" within the meaning of 28 U.S.C. §

1446(b)(3), putting the defendants on notice for the first time that the amount in controversy supports federal jurisdiction. Plaintiff has failed to provide any evidence in support of its contention that the defendants had information available to them at an earlier date which would have triggered the running of the time limit for filing of the notice of removal. Accordingly, Defendants' Notice of Removal filed on March 29, 2017, was timely.

C. Waiver of Declinatory Exception of Venue

In the alternative, while admitting that venue was proper in St. Mary Parish[3], plaintiff argues that ASI consented to the jurisdiction of the state court by not filing a declinatory exception to venue in the state court prior to answering. *Rec. 8-1, p. 3, 4*. Defendants contend that the accident occurred in St. Mary Parish where the suit was filed, thus venue was proper and any exception of venue would be frivolous and improper. *Rec. 10, p. 4*. Additionally, the defendants assert that the removal to federal court is not a venue inquiry, but a question of jurisdiction based on a federal statute. The Court agrees with the defendants and finds plaintiff's contentions lack merit.

*Conclusion*

---

[3] Plaintiff states, "[a]t a minimum suit against [ASI] could have been brought either in St. Tammany Parish, East Baton Rouge Parish, or St. Mary Parish where the accident occurred." Rec. 8-1, p. 3, para. 3.

For the reasons stated above, the undersigned finds that parties in this matter are diverse and that this Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332. The Court finds that the Plaintiff's Admission that the dispute exceeded $75,000 is an "other paper" within the meaning of 28 U.S.C. § 1446, thus Defendant's Notice of Removal filed on March 31, 2017, was within the 30 days allowed by 28 U.S.C. § 1446 .

Accordingly this Court recommends that Plaintiff's Motion to Remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 26th day of June, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE